IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALFRED L. HERNANDEZ, an individual, and DUDLEY I. KLATT, an individual, | ) ) ) | |
| | ) | CV. NO. SA:11-CV-0009-DAE |
| Plaintiffs, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| W. LYNN FRAZIER, an individual, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER: (1) DENYING DEFENDANT LEAVE TO FILE MOTION FOR
SUMMARY JUDGMENT; (2) DENYING DEFENDANT LEAVE TO FILE
SEALED DOCUMENTS IN SUPPORT OF HIS MOTION FOR SUMMARY
JUDGMENT

Before the Court is Defendant's Motion for Leave to File Motion for

Summary Judgment regarding Plaintiff's damages (Dkt. # 489) and his

corresponding Motion for Leave to File Sealed Documents in Support of his

Motion for Summary Judgment (Dkt. # 490).   Plaintiffs Hernandez and Klatt

(collectively, "Plaintiffs") filed a Response.  (Dkt. # 493.)  For the reasons that

follow, the Court **DENIES** Defendant's Motion for Leave to file Motion for

Summary Judgment (Dkt. # 489) and therefore **DENIES** Defendant's Motion for

Leave to File Sealed Documents (Dkt. # 490).[1]

<u>BACKGROUND</u>

This case concerns a series of patents involving technology used in oil and gas wells. Plaintiffs claim that they are joint inventors and owners of the patents at issue, a claim that Defendant W. Lynn Frazier ("Frazier" or "Defendant") disputes.

The original deadline for dispositive motions in the instant action was November 17, 2011. (Dkt. # 30.) Per both parties' requests (sometimes opposed, sometimes unopposed), that deadline has been extended on seven occasions— January 2, 2012 (Dkt. # 47); March 1, 2012 (Dkt. # 68); May 16, 2012 (Dkt. # 128); June 16, 2012 (Dkt. # 289); June 25, 2012 (Dkt. # 302); July 20, 2012 (Dkt. # 322)—with the final deadline falling on August 20, 2012 (Dkt. # 337). Prior to that date, Defendant timely filed twenty-three motions for partial summary judgment on a wide range of issues. (Dkt. ## 82–83, 85, 135–36, 166, 172, 199, 209, 273, 308–09, 316, 318–20, 323, 328, 329–31, 335, 364.)

On February 6, 2013, Defendant sought leave to file another motion for partial summary judgment regarding a statute-of-limitations defense. (Dkt. # 483.) Defendant argued that a motion for partial summary judgment on the statute-of-limitations defense could not have been "usefully filed" until then

---

[1] Pursuant to Local Rule CV–7(h), the Court finds this matter suitable for disposition without a hearing.

because it was only when the Court granted summary judgment dismissing Plaintiffs' Count X for breach of fiduciary duty that Defendant could assert such a motion.  (Id. at 4.)  In granting Defendant's Motion for Leave, the Court noted that Defendant had previously argued the statute-of-limitations defense in an earlier motion for partial summary judgment, but the Magistrate Judge found it "not necessary for the Court to address whether 'much of Plaintiffs' claimed damages accrued before January 5, 2007,' [were] time-barred."  (See Dkt. # 495 at 4 (quoting Dkt. # 412 at 26).)  Because the Magistrate issued her Report and Recommendation after the dispositive motion deadline had lapsed, the Court found good cause for Defendant's delay in filing an additional motion for summary judgment.  (See id.)

On June 6, 2013, Defendant filed the instant motion seeking leave to file another motion for summary judgment.  (Dkt. # 489.)  Plaintiffs filed a response.  (Dkt. # 493.)

## DISCUSSION

I.    Motion for Leave to File Motion for Summary Judgment

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  "The good cause standard requires the 'party seeking reliefs to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  S &

<u>W Enters., L.L.C. v. SouthTrust Bank of Ala., NA</u>, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 1552.1 (2d ed. 1990)).  The <u>S & W</u> court adopted a four-factored test to determine whether good cause exists: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  <u>Id.</u>  The Court will discuss each factor in turn.

     A.    <u>Explanation for Delay</u>

     According to Defendant, his Motion for Summary Judgment concerning Plaintiffs' damages could not have been filed until this Court ruled on the pending Reports and Recommendations from Magistrate Judge Mathy.  (<u>See</u> Dkt. # 489 at 5.)  Plaintiffs counter that Defendant could have moved for dispositive relief concerning damages any time before the deadline for dispositive motions, and in fact, Defendant has filed thirteen dispositive motions relating to the issue of damages.  (<u>See</u> Dkt. # 493 at 4.)

     Unlike Defendant's previous motion for leave to amend (Dkt. # 483), the Court does not find that the instant motion provides a satisfactory explanation for delay.  The Court granted the earlier motion because although Defendant had previously argued the statute-of-limitations defense, the Magistrate Judge issued her Report and Recommendation without considering the limitations issue.  (<u>See</u>

Dkt. # 495.)  Because Defendant could not have known that the limitations defense had not been considered by the Magistrate Judge until the Report was issued, which was after the dispositive motion deadline had passed, the Court found good cause existed for Defendant's delay.  (Id.)

However, the instant Motion for Leave does not present a similar justification.  To the contrary, Defendant only asserts that the instant motion for summary judgment "could not be usefully filed until pending recommended summary judgments were granted because they were a necessary predicate."  (Dkt. # 489 at 5.)  The Court fails to see why it is necessary to have rulings on Defendant's twenty-three pending motions before submitting a motion regarding Plaintiffs' damages.  As Magistrate Judge Mathy aptly concluded, "The parties, not the Court, made the strategic decisions on the number and scope of each dispositive motion and it is the responsibility of the parties to address how rulings may affect pending matters."  (Dkt. # 466 at 14–15.)  Defendant could have filed a motion for summary judgment on Plaintiffs' damages well within the dispositive motion deadline and did not need to delay filing such a motion until almost a full year later.  Good cause does not exist for Defendant's delay.

Even assuming Defendant could not file a motion for summary judgment concerning Plaintiffs' requested damages until this Court ruled on the Reports and Recommendations on Defendant's dispositive motions, the Court still

finds Defendant's delay unjustified.  As Defendant acknowledges, this Court

granted most of Defendant's pending motions for summary judgment on March 25,

2013.[2]   Nevertheless, Defendant waited nearly three months (on June 13, 2013) to

file the instant Motion for Leave to File Motion for Summary Judgment

concerning Plaintiff's damages.  Defendant does not proffer any excuse for the

nearly three-month delay.  Therefore, the Court finds that Defendant does not have

an acceptable explanation for his failure to timely file a motion for summary

judgment.  See Edwards v. Cass Cnty., Tex., 919 F.2d 273, 275 (5th Cir. 1990)

("The district court has broad discretion in controlling its own docket.  This

includes the ambit of scheduling orders and the like.  Thus, a court's refusal to

allow the filing of a substantive motion on the eve of trial three months after the

expiration of a deadline . . . should normally be deemed well within the court's

discretion.")

      B.    Importance of the Motion

      Defendant avers that permitting the Motion for Summary Judgment

concerning Plaintiffs' damages may eliminate trial, promote settlement and may

simplify a trial, if necessary.  (See Dkt. # 489 at 6–7.)  However, the Court agrees

with Plaintiffs insofar as "[t]he importance Frazier attaches to his dispositive

---

[2] Defendant states that this Court adjudicated the motions for summary judgment
on March 23, 2013, but this is likely a typographical error because the Court's
Order Adopting In Part and Vacating in Part Report and Recommendations was
filed on March 25, 2013.  (Dkt. # 487.)

motion (i.e., to simplify/eliminate trial, promote settlement) is undermined by almost a year gap between the deadline for dispositive motions . . . ." (Dkt. # 493 at 7.)   Furthermore, the importance Defendant attributes to this particular motion for summary judgment falls short.  The importance of promoting settlement, simplifying trial, or even eliminating trial does not excuse Defendant's ten-month filing delay.  To hold otherwise would eviscerate the entire purpose behind the Court's Scheduling Order and the dispositive motion deadline.  See <u>S&W Enter.</u>, 315 F.3d at 535 ("The purpose of the Court's Scheduling Order is to promote efficiency and expedite pretrial procedure; failure to adhere to those deadlines undermines <u>these</u> goals." (internal quotation marks omitted) (emphasis added)).

In any event, Defendant has discussed the issue of damages in thirteen (out of the twenty-three) dispositive motions.  (Dkt. ## 83, 135, 136, 170, 199, 271, 309, 316, 323, 328, 330, 331.)  Therefore, the Court does not find the instant motion for summary judgment especially important.

C.   <u>Potential Prejudice and Availability of Continuance to Cure Prejudice</u>

Plaintiffs assert that "[a]t no time during this litigation has [Defendant] ever identified to Plaintiffs any of his 'several years of invoices, returns, expense receipts, vendors' statements, etc.' that he now intends to attempt to offer into evidence."  (Dkt. # 493 at 8.)  Plaintiffs contend that they will suffer prejudice if the Court permits leave to file an additional motion for summary

judgment because Plaintiff would be required to conduct additional discovery.  The Court agrees.  See S & W Enter., 315 F.3d at 537 (finding prejudice because the non-movant "would be required to conduct additional discovery").

While a continuance could certainly offer Plaintiffs the necessary time to take discovery on Defendant's invoices, returns, expense receipts, vendors' statements etc., the Court finds that such a continuance is unwarranted under the present circumstances.  See Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008) (upholding district court's decision to deny leave to amend when movant "offered no explanation for her untimely request" even though trial could have been continued to lessen the prejudice on the non-movant); S&W Enters., 315 F.3d at 537 (affirming district court's decision to deny leave to amend when a continuance would have unnecessary delayed trial even though continuance would have been granted for additional discovery).  Granting Defendant's Motion for Leave will likely result in further delay.  The Court is unwilling to allow such a delay, especially considering this case has been pending for over three years.

In conclusion, given that Defendant has not proffered a satisfactory excuse for his delay, the importance of Defendant's motion for summary judgment on Plaintiffs' damages is minimal, and Plaintiffs will suffer prejudice by having to engage in additional discovery, the Court does not find good cause for Defendant's delay.

8

<u>CONCLUSION</u>

For the aforementioned reasons, the Court **DENIES** Defendant's

Motion for Leave to file Motion for Summary Judgment (Dkt. # 489) and therefore

**DENIES** Defendant's Motion for Leave to File Sealed Documents in Support of

his Motion for Summary Judgment (Dkt. # 490).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, January 9, 2014.

_____

David Alan Ezra
Senior United States Distict Judge